UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICHARD L. JOHNSON,

        Plaintiff,

v.

WASHINGTON STATE DEPARTMENT OF CORRECTIONS,

        Defendant.

CASE NO. C09-5308BHS

ORDER TO AMEND THE COMPLAINT

This case has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrate Judge's Rules MJR 1, MJR 3, and MJR 4. The court has reviewed the proposed complaint in this matter and finds the complaint deficient for a number of reasons.

Plaintiff alleges he was attacked by another inmate and staff did not protect him. He does not name the staff persons as defendants; he names only the Washington State Department of Corrections itself. Plaintiff seeks monetary damages. Plaintiff alleges security staff and medical staff were "negligent" (Dkt. # 1, proposed complaint).

ORDER - 1

To state a claim under 42 U.S.C. § 1983, at least two elements must be met: (1) the defendant must be a person acting under the color of state law; and (2) the person's conduct must have deprived the plaintiff of rights, privileges or immunities secured by the constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981) (overruled in part on other grounds); Daniels v. Williams, 474 U.S. 327, 330-31(1986).

The Washington State Department of Corrections is not a person for the purpose of the Civil Rights Act, it is a state agency. Further, Plaintiff's claims against the state agency are barred by the Eleventh Amendment. The Eleventh Amendment to the United States Constitution bars a person from suing a state in federal court without the state's consent. See Seminole Tribe of Florida v. Florida 517 U.S. 44, 72 (1996); Natural Resources Defense Council v. California Dep't of Transportation, 96 F.3d 420, 421 (9th Cir. 1996). Eleventh Amendment immunity extends to state agencies. Pennhurst State Sch. & Hosp. v. Holdeman, 465 U.S. 89, 101-102(1984). Eleventh Amendment immunity is not automatically waived in actions brought under 42 U.S.C. § 1983. Quern v. Jordan, 440 U.S. 332 (1979). Washington has not waived the protection of the Eleventh Amendment. Edgar v. State, 92 Wn.2d 217 (1979).

The next possible defect is failure to exhaust administrative remedies. Plaintiff alleges this issue is not grievable. The facts alleged in plaintiff's complaint suggests to the contrary. The Prison Litigation Reform Act ("PLRA") requires exhaustion of administrative remedies prior to filing a complaint in federal court. The relevant portion of the act states:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

Here, plaintiff filed this action while incarcerated and the act applies to him. The United States Supreme Court determined that Congress enacted the provision in order to reduce the quantity and improve the quality of prisoner suits. Porter v. Nussle, 534 U.S. 516 (2002). By mandating exhaustion, Congress enabled corrections officials to address prisoner complaints internally. Where exhaustion was once discretionary, it is now mandatory.

The final defect is plaintiff's referral to the conduct of prison staff as "negligent." Both the duty to protect and the duty to provide medical care fall within the penumbra of the Eighth Amendment. The Eighth Amendment prohibits infliction of cruel and unusual punishment. The Eighth Amendment is violated when an inmate is deprived of the minimal civilized measure of life's necessities. Rhodes v. Chapman, 452 U.S. 337, 347 (1981); Young v. Quinlan, 960 F.2d 351, 359 (3rd Cir. 1992). To establish an Eighth Amendment violation, an inmate must allege both an objective element; that the deprivation was sufficiently serious, and a subjective element; that a prison official acted with deliberate indifference. Id. at 359-60. To constitute deliberate indifference, an official must know of and disregard an excessive risk to inmate health or safety. The official must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and the official must also draw the inference. Farmer v. Brennan, 511 U.S. 825 (1994).

The complaint as written fails to state a claim. The court now ORDERS:

1. Plaintiff will have thirty days from entry of this order to file an amended complaint.

2. The amended complaint will act as a complete substitute for the original and not as a supplemental complaint.

3. Plaintiff is reminded to submit a copy of the complaint for each defendant he wishes the court to attempt to serve, along with a filled out United States Marshal's service form.

4. If the amended complaint fails to state a claim, or is not submitted within thirty days of entry of this order, the court will recommend dismissal of this action for failure to comply with a court order, failure to state claim, and failure to prosecute.

5. The Clerk of Court is directed to send a copy of this Order to plaintiff.

DATED this 15th day of July, 2009.

_____
J. Richard Creatura
United States Magistrate Judge