UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICHARD L. JOHNSON,

    Plaintiff,

v.

WASHINGTON STATE DEPARTMENT
OF CORRECTIONS,

    Defendant.

CASE NO. C09-5308BHS

REPORT AND RECOMMENDATION

**NOTED October 2, 2009**

    This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrate Judges' Rules MJR 1, MJR 3, and MJR 4. This matter is before the court on plaintiff's failure to respond to the court's previous order. For the reasons set forth below, I recommend that this complaint be dismissed as frivolous pursuant to 28 U.S.C. § 1915.

**DISCUSSION**

    In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (l) the conduct complained of was committed by a person acting under color of state law and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the

REPORT AND
RECOMMENDATION- 1

Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled on other grounds*, Daniels v. Williams, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986).

Plaintiff must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981). A § 1983 suit cannot be based on vicarious liability alone, but must allege the defendants' own conduct violated the plaintiff's civil rights. City of Canton v. Harris, 489 U.S. 378, 385-90 (1989). A supervisor may be held liable only "if there exists either, (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between a supervisor's wrongful conduct and the constitutional violation." Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th cir. 1991), cert. denied 502 U.S. 1074 (1992).

Frivolous in forma pauperis complaints may be dismissed before service of process under 28 U.S.C. § 1915. Neitzke v. Williams, 490 U.S. 319, 324 (1989). A complaint is frivolous if "it lacks an arguable basis in law or in fact." Id. at 325. Leave to amend is not necessary where it is clear that the deficiencies in the complaint cannot be cured by amendment. Franklin v. Murphy, 745 F.2d 1221, 1228 n.9 (9th Cir. 1984). Plaintiff's complaint should be dismissed as frivolous.

Here, on May 21, 2009, the clerk of the court received plaintiff's complaint along with an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. On July 14, 2009, the court granted the application and reviewed the Complaint, which was found to be deficient.

REPORT AND
RECOMMENDATION- 2

*See* Doc. 6. The court specifically explained that plaintiff's claims did not appear to raise a cognizable claim and that plaintiff failed to show how a particular individual defendant personally participated in an alleged violation. *Id*. The court provided plaintiff the opportunity to cure these deficiencies and/or to amend his complaint by not later than July 15, 2009. The court has not received a response to this order.

## CONCLUSION

Plaintiff's complaint contains several fatal errors, and though he was given the opportunity to cure those deficiencies, plaintiff has failed to respond to the court's order to show cause why this matter should not be summarily dismissed. Accordingly, the undersigned recommends that the Court dismiss this complaint prior to service as frivolous pursuant to 28 U.S.C. §1915.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also,* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **October 2, 2009,** as noted in the caption.

DATED this 8th day of September, 2009.

J. Richard Creatura
United States Magistrate Judge

REPORT AND
RECOMMENDATION- 3